IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR155 |
| vs. | |
| JASON G. STOOPS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Defendant's "Second Emergency Motion Following Court's Instructions for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A)," ECF No. 54. The Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), specifically to a term of time served or home confinement.

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Defendant's first motion was denied due to a failure to exhaust any administrative remedies. He now has submitted a copy of his request for compassionate release, directed to his Warden on May 7, 2020, ECF No. 54 at Page ID #144, and the Warden's denial of the request, dated May 13, 2020, *id.* at Page ID #145.

Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)   extraordinary and compelling reasons warrant such a reduction;
> >
> > . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Defendant asserts that his housing conditions at the Bureau of Prisons' facility in Yankton, South Dakota, are "a breeding ground for a deadly virus COVID-19." ECF No. 54 at Page ID # 140. He also notes that he has a history of Hepatitis-C, making him vulnerable to medical complications if he were to contract the virus. *Id.* at Page ID #141. Yet the Defendant does not allege that there have been any confirmed cases of COVID-19 at the Yankton facility where he resides, and the Bureau of Prisons' website reflects no confirmed cases as of the date of this Memorandum and Order. See https://www.bop.gov/coronavirus/

Because the Defendant has not shown any extraordinary or compelling reason for a reduction in his sentence, the Court need not discuss section 3553(a) factors or applicable policy statements issued by the Sentencing Commission.

Accordingly,

IT IS ORDERED:

1. The Defendant's "Second Emergency Motion Following Court's Instructions for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A)," ECF No. 54, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 17th day of June 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge